IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THRYV, INC., | § | Cause No. _____ |
| | § | |
|    Plaintiff and Counterclaim | § | |
|    Defendant, | § | |
| | § | |
| vs. | § | |
| | § | |
| LISTING CENTRAL, LLC, and | § | |
| NICOLE NIXON, an individual, | § | |
| | § | |
|    Defendants and Counterclaimants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants and Counterclaimants Listing Central, LLC ("Listing Central") and Nicole Nixon hereby remove the action currently pending in the 134th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would respectfully show the following grounds for removal:

## THE STATE COURT ACTION

1.      On July 1, 2020, Plaintiff and Counterclaim Defendant Thryv, Inc. ("Thryv") initiated this action by filing its original petition for declaratory judgment and application for temporary and permanent injunction (the "Petition") in the 134th Judicial District Court of Dallas County, Texas, in the case styled and numbered *Thryv, Inc. v. Listing Central, LLC, and Nicole Nixon,* Cause No. DC-20-08965 (the "State Court Action").

2.      On August 3, 2020, Listing Central and Ms. Nixon received actual notice of the lawsuit through the Texas Secretary of State. On August 16, 2020, Listing Central and Ms. Nixon

**NOTICE OF REMOVAL** – Page 1

timely answered and asserted their affirmative defenses. On August 31, 2020, Listing Central and Ms. Nixon filed their First Amended Answer, Affirmative Defenses and Original Counterclaims.

3.  The allegations in Thryv's Petition relate to the business relationship between Thryv and Listing Central. Thryv alleges causes of action against Listing Central and Ms. Nixon for purportedly disseminating false statements regarding Thryv's relationship with Listing Central. Listing Central and Ms. Nixon deny Thryv's allegations.

4.  Defendants' Counterclaims assert causes of action related to Defendants' allegation that Thryv wrongfully refused to conduct business with Listing Central. Listing Central and Ms. Nixon contend that Thryv has not only engaged in an array of anticompetitive and unfair business practices, but has also tortiously interfered with a number of Listing Central's prospective and existing contractual relationships.

## APPENDIX OF DOCUMENTS

5.  Pursuant to Local Rule 81.1, Listing Central and Ms. Nixon submit the following documents in support of the Notice of Removal:

- **Exhibit A:** An appendix of documents being filed with this Notice of Removal;
- **Exhibit B:** A copy of the docket sheet in the State Court Action;
- **Exhibit C:** The relevant pleadings and executed process on file in the State Court Action;
- **Exhibit D:** Certificate of Interested Persons;
- **Exhibit E**: A copy of the Notice to State Court of Removal to Federal Court filed in the State Court Action.

**NOTICE OF REMOVAL** – Page 2

## GROUNDS FOR REMOVAL

6. There is compete diversity of citizenship between the Parties. Furthermore, the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* Pl.'s Original Pet., ¶ 2 (asserting claims for monetary relief in excess of $100,000). Thus, Listing Central and Ms. Nixon are entitled to remove the State Court Action to this Court under 28 U.S.C. §§ 1332 and 1441(a).

7. Complete diversity of citizenship exists between the Parties. 28 U.S.C. § 1332(a). Thryv was a Delaware corporation with its principal place of business in Tarrant County, Texas, at the time Thryv filed its Petition in the State Court Action and at the time of removal. Pl.'s Original Pet., ¶ 3. Thryv is, therefore, a citizen of Delaware and Texas for jurisdictional purposes.

8. Both Listing Central and Ms. Nixon are citizens of Virginia. Listing Central was a limited liability company organized under the laws of Virginia, with its principal place of business in Virginia, at the time Thryv filed its Petition in the State Court Action and at the time of removal. *Id.* at ¶ 4. Listing Central is, therefore, a citizen of Virginia for jurisdictional purposes. Ms. Nixon was a resident of and domiciled in Virginia at the time Thryv filed its Petition in the State Court Action and at the time of removal. *Id.* at ¶ 5. Ms. Nixon is, therefore, also a citizen of Virginia. Complete diversity of citizenship, therefore, exists between the Parties.

9. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the State Court Action. Further, Listing Central and Ms. Nixon are authorized to remove the State Court Action, pursuant to 28 U.S.C. § 1441.

## REMOVAL PROCEDURE

10. This Notice of Removal is timely, as it was filed within thirty days after Listing Central and Ms. Nixon received a copy of the initial pleading setting forth the claims for relief upon which the State Court Action is based.[1]  *See* 28 U.S.C. § 1446(b).

11. Listing Central and Ms. Nixon have complied fully with 28 U.S.C. § 1441, *et seq.*, the applicable Federal Rules of Civil Procedure, and the Northern District of Texas's Local Rules.

12. Listing Central and Ms. Nixon have attached the materials required to be filed upon removal in accordance with Local Rule 81.1.

13. Listing Central and Ms. Nixon have tendered to the Clerk of the United States District Court for the Northern District of Texas the appropriate filing fee, along with this Notice of Removal.

14. Listing Central and Ms. Nixon, simultaneously with the filing of this Notice of Removal, have provided the requisite notice to Thryv and the 134th Judicial District Court of Dallas County, Texas. *See* **Exhibit E**.

15. Listing Central and Ms. Nixon hereby give notice that the State Court Action is hereby removed to the United States District Court for the Northern District of Texas, Dallas Division.

---

[1] Although the Secretary of State was served on July 22, 2020, neither Listing Central nor Nicole Nixon received process or otherwise was aware of the State Court Action until the certified mail from the Secretary of State was delivered to them on August 3, 2020. This date is the date that triggers the 30 day timeline for removal. *See Am. Film & Printing, Ltd. v. Cowart Mulch Prods., Inc.*, 3:15-CV-0682-L-BF, 2015 WL 5836599, at *2 (N.D. Tex. July 16, 2015*), report and recommendation adopted sub nom. Am. Film & Printing, Ltd v. Cowart Mulch Prods., Inc.*, 3:15-CV-682-L, 2015 WL 5836325 (N.D. Tex. Oct. 1, 2015). ("[S]ervice on the Secretary of State does not trigger the commencement of the time period for removal under federal law. 'Texas provisions for service of statutory agents do not constitute "receipt by the defendant" for the purpose of beginning the thirty-day removal period.' Rather, the removal period begins when the defendant actually receives service.")

## **PRAYER**

Listing Central and Ms. Nixon respectfully pray that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in Dallas County District Court, and for any such other or further relief to which they may show themselves justly entitled.

Respectfully submitted,

By: */s/ Robert P. Latham*
　　Robert P. Latham
　　State Bar No. 11975500
　　James Carlos McFall
　　State Bar No. 24083479
　　Elizabeth W. Pittman
　　State Bar No. 24110823

**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6000
(214) 953-5822 – Fax
Email: blatham@jw.com
Email: jmcfall@jw.com
Email: epittman@jw.com

**ATTORNEYS FOR DEFENDANTS and COUNTERCLAIMANTS LISTING CENTRAL, LLC and NICOLE NIXON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's electronic filing system on this 2nd day of September, 2020.

/s/ *James Carlos McFall*
James Carlos McFall

**NOTICE OF REMOVAL** – Page 6

26644907