IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THRYV, INC.,

Plaintiff and Counterclaim Defendant,

v.

LISTING CENTRAL, LLC, and NICOLE NIXON, an individual,

Defendants and Counterclaimants.

Case No. 3:20-cv-02756-X

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION**

Thryv, Inc. ("Thryv" or "Plaintiff") files this Amended Complaint for Declaratory Judgment and Application for Temporary and Permanent Injunction against Defendants Listing Central, LLC ("Listing Central") and Nicole Nixon ("Nixon"), individually (together, Listing Central and Nixon are referred to herein as, the "Defendants"), as follows:

## I.
## PARTIES

1. Plaintiff Thryv, Inc. is a Delaware corporation with its principal place of business in Tarrant County, Texas.

2. Defendant Listing Central, LLC is a foreign limited liability company organized and existing under the laws of the State of Virginia whose home office address is located at 215 Depot Ct. SE #252, Leesburg, Virginia 20175-3017. Listing Central has appeared and answered in this action.

3. Defendant Nicole Nixon is an individual residing in Leesburg, Virginia whose home address is 18930 Canoe Landing Ct., Leesburg, Virginia 20176-8218. Defendant Nicole Nixon has appeared and answered in this action.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because it is a civil action between a corporation formed under the laws of the State of Delaware on the one hand, and a corporation formed under the laws of the State of Virginia and a citizen of the State of Virginia, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs (diversity jurisdiction).

5. Additionally, this Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6. Venue for this action is proper in this case because the agreement between the parties and the subject of the parties' dispute designates it as such.

## III. STATEMENT OF FACTS

7. Thryv's corporate history consists of several name changes and key acquisitions. Thryv was formerly known as DexYP, which was formerly known as Dex Media, Inc. In 2012, Dex One, Inc. and SuperMedia, LLC were part of a merger that resulted in the formation of Dex Media, Inc.

8. Thryv is a print and digital marketing company that delivers cloud-based business software on a subscription basis as well as a host of marketing products to over 400,000 small businesses in the United States. Thryv provides consumer services through market-leading search, display and social products and connects local businesses to the monthly visitors of

DexKnows.com®, Superpages.com® and yellowpages.com search portals. Thryv also continues to publish a print yellow pages directory in most markets, which lists business telephone subscribers alphabetically by the nature of their business or "advertising" classification.

9. Many businesses purchase advertising or enhanced listings in the yellow pages in addition to the basic listing of name, address, and phone number. Thryv has been phasing out print of both business and residential white pages products in many markets as demand for basic name, address, and number listings that are found in white pages has declined substantially. White pages directories simply list individuals and businesses alphabetically by their names.

10. On or about January 15, 2014, Thryv entered into an agreement with Listing Central entitled Listings Provisioning Licensing Agreement in conjunction with its publication of print directories (the "Agreement"). The Agreement provides Thryv with the right, in its sole discretion, to request Subscriber List Information ("SLI") and Updated SLI from Listing Central and include such requested SLI in its printed directories. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

11. Paragraph 3 of the Agreement provides, in relevant part, as follows:

> **Provision of Listings information.** Telco agrees to supply Publisher with the names, addresses (including zip codes where available), telephone numbers, and primary advertising classifications (to the extent Telco or its vendor maintains such classifications) of Telco telephone subscribers contained in Telco's telephone subscriber listing database, or elsewhere, ***as requested by Publisher*** and such other data as is necessary for complete listing purposes ("Subscriber List Information" or "SLI") and updates to this information ("Updated Subscriber List Information') pursuant to the license granted herein.

*Agreement ¶3* (emphasis added).

12. As stated in the Agreement, SLI consists of the names, addresses, zip codes, telephone numbers, and primary advertising classifications of Listing Central's subscribers. The

SLI that Listing Central has provided to Thryv and its predecessors has been exclusively or almost exclusively basic name and number listings, the information which has historically been published in a white pages directory.

13. While Thryv has exercised its right to request SLI from Listing Central in the past, there is no obligation under the Agreement that it does so. Therefore, as Thryv has transitioned out of publishing basic name and number listings in printed directories, it has chosen not to continue exercising its right to request listings under the Agreement. Thryv has clearly communicated to Listing Central that it is no longer interested in obtaining SLI under the Agreement or providing publication of basic listings in its print or digital directories free of charge.

14. Despite this, beginning around April 2020, Nixon, president and CEO of Listing Central, began a campaign of telephone calls and e-mails to Thryv executives in an apparent attempt to pressure Thrvy to change its position. Additionally, Thryv has learned that Nixon and Listing Central have misrepresented the terms of the Agreement to Listing Central customers and directed customers to contact Thryv and its representatives directly. Listing Central did so despite having agreements with its customers that Listing Central would serve as the customers' agent for purposes of submission of SLI for directory publication. Listing Central failed to disclose the limitations of the Thryv listing Agreement to its customers. In doing so, Defendants have made materially false and misleading statements regarding Thryv's purported refusal to continue publishing print directories that include Listing Central SLI and Thryv's alleged regulatory or contractual obligation to do so. These false and disparaging statements are damaging Thryv's reputation in the marketplace and are resulting in ongoing harassment of the company, its employees, and its executives.

15. Additionally, Defendants' false statements have resulted in Thryv receiving threats of litigation and other actions from Defendants and their customers based on the refusal to include SLI from Listing Central in Thryv's print directories. Listing Central has made representations about Thryv including false allegations about Thryv's legal obligations in order to pass the blame for Listing Central's inability or unwillingness to continue providing its customers with listing services. These false statements include claims that Thryv is the only remaining publisher of print directories in certain markets and therefore has an obligation to publish SLI.

16. In order to resolve the ongoing dispute between Listing Central and Thryv regarding its alleged obligations to publish directory listings under the Agreement or otherwise, Thryv brings this action seeking a declaratory judgment and asserting claims for business disparagement, defamation, injunctive relief, and attorney's fees.

## IV.
## CAUSE OF ACTION – SUIT FOR DECLARATORY JUDGMENT

17. Plaintiff hereby incorporates by reference paragraphs 1-16 as if fully restated herein.

18. As is previously described herein, Thryv is in the business of providing print and digital marketing services to its clients. One component of its business involves the publication of print directories that today primarily serve advertisers in the form of yellow pages. Plaintiff entered into the Agreement with Listing Central in 2014 in order to obtain the right, in its sole discretion, to request SLI from Listing Central to include in certain of its print directories. However, because Plaintiff is in the process of discontinuing the publication of white pages directories in digital and particularly print directories, Thryv no longer has a need to request SLI from Listing Central. Accordingly, Thryv chose not to exercise its rights to do so under the Agreement beginning in 2020.

19. In response, Defendants have claimed that Thryv is obligated to continue to publish SLI provided by Listing Central in its directories pursuant to the terms of the Agreement or Federal law. The Agreement is optional and does not require Thryv to request, obtain, or publish any information from Listing Central. The Agreement merely provides Thryv with a right to request such information and a license to publish such information if it chooses, in Thryv's sole discretion, to do so. Thryv has no legal obligation to publish the SLI of Listing Central. Therefore, Thryv asserts that it has no ongoing obligation to publish any SLI provided by Listing Central.

20. Thryv seeks entry of a declaratory judgment finding that it has no obligation to purchase, obtain, or publish SLI from Listing Central under the Agreement.

21. Thryv seeks relief under the Declaratory Judgment Act, because Plaintiff and Defendants do not agree as to Thryv's ongoing rights and obligations under the Agreement. As such, there exists an actual controversy relating to the legal rights and duties of Plaintiff and Defendants under the Agreement and the requested declaratory judgment would terminate the controversy and remove uncertainty.

22. All conditions precedent to Plaintiff's suit for declaratory relief have been performed or have occurred.

## V.
## CAUSE OF ACTION- BUSINESS DISPARAGEMENT

23. Plaintiff hereby incorporates by reference paragraphs 1-22 as if fully restated herein.

24. Defendants have published disparaging statements about Thryv, the Agreement, applicable law, and its relationship with Listing Central in an attempt to manipulate its customer base into joining their campaign to force Thryv to continue the publication of free basic directory listings.

25. Defendants' representations that Thryv has an obligation to publish free directory listings are false both under the terms of the Agreement and applicable law.

26. Defendants have published the statements with the intent of harming Thryv and without privilege.

27. Therefore, Plaintiff seeks damages within the jurisdictional limits of this Court.

## VI.
## CAUSE OF ACTION- DEFAMATION

28. Plaintiff hereby incorporates by reference paragraphs 1-27 as if fully restated herein.

29. In the alternative, Defendants published statements by oral communication, conduct, and written communications asserting that Thryv has an obligation to publish free directory listings for Listing Central customers under the Agreement and applicable law.

30. These statements were false and Defendants knew they were false when they were made. Plaintiff has no obligation to publish SLI from Listing Central in any print or digital directory.

31. Defendants' statements were extrinsically defamatory to the Plaintiff, because they depicted Thryv as being in violation of regulatory or contractual obligations and as failing to comply with applicable laws. Thrvy's business reputation is critical to the company as it is in the business of working closely with customers to market their own businesses.

32. Defendants' knowingly false statements have damaged Thryv. Plaintiff seeks damages within the jurisdictional limits of this Court.

## IX.
## APPLICATION FOR PRELIMINARY INJUNCTION

33. Plaintiff hereby incorporates by reference paragraphs 1-32 as if fully restated herein.

34. Plaintiff's request for injunctive relief is authorized by Federal Rule of Civil Procedure 65 in order to stop Listing Central from continuing its disparagement of Thryv.

35. Based on the foregoing allegations and evidence, Plaintiff Thryv requests a preliminary injunction be entered prohibiting Listing Central as follows:

a. From representing that Thryv is obligated to continue to publish SLI provided by Listing Central in its directories pursuant to the terms of the Agreement or Federal law, or from encouraging anyone to do so;

b. From representing that Thryv has breached the Agreement or violated Federal law, from contacting Thryv regarding the Agreement, or from causing anyone to contact Thryv or its representatives regarding the Agreement;

c. From making any representation that Thryv is obligated to publish SLI from Listing Central or encouraging anyone to do so; and

d. From making any misrepresentation regarding Thryv or its business.

**A. Thryv Has a Probable Right to Relief.**

36. Thryv has a probable right to the relief it seeks because it has no obligation to publish SLI from Listing Central under the Agreement.

37. As is previously discussed herein, the Agreement provides Thryv with the option to obtain and publish SLI from Listing Central, but there is no obligation that it do so. Nor does Thryv have any other obligation to publish white page listings for Listing Central customers.

38. Notwithstanding, Listing Central has made false claims to customers regarding the nature of the Agreement, Thryv's obligations under the Agreement and Federal law, and the alleged refusal of Thryv to publish advertising for Listing Central customers.

39. This is resulting in damage to Thryv's reputation as these misrepresentations are repeated in the marketplace. Listing Central's claims about Thryv are false.

40. For these reasons, Thryv has a probable right to relief and has satisfied the first element necessary to support its request for a temporary restraining order.

**B. Without a Temporary Restraining Order, Thryv Will Suffer Imminent and Irreparable Harm.**

41. If Thryv's application is not granted, harm is imminent and certain.

42. Listing Central cannot be permitted to continue to disparage Thryv in the marketplace. Failure to enter an injunction with result in irreparable harm to Thryv's reputation. *See, e.g.*, *Trevino v. Bd. of Trustees of W. Oso Indep. Sch. Dist.*, 783 S.W.2d 806, 807 (Tex. App.—Corpus Christi 1990, writ dism'd. w.o.j.) (affirming trial court injunction based on a finding of "irreparable harm to … professional reputation").

43. Furthermore, Thryv has no adequate remedy at law for this kind of ongoing reputational damage. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 3002).

44. For these reasons, Thryv respectfully requests that this Court enter a temporary injunction as requested above until a trial on the merits can be had.

## X.
## REQUEST FOR PERMANENT INJUNCTION

45. Plaintiff incorporates all previous allegations as if set forth fully herein.

46. Thryv asks the Court to set its application for permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against the Defendant.

## XI.
## ATTORNEYS' FEES

47. Based on the acts and/or omissions of Defendants described above, Thryv has retained the services of Sheppard Mullin Richter & Hampton LLP to protect its interests and pursue

the foregoing claims against Defendants. Thryv is therefore entitled, pursuant to the terms of the Agreement, the Tex. Civ. Prac. & Rem. Code Ann. § 37.009, and all other applicable law to recover from Defendants its attorneys' fees and costs incurred in connection with this dispute and in pursuing its claims. All conditions precedent to Thryv's recovery of attorneys' fees have been fulfilled by Thryv or have been waived by Defendants' acts and/or omissions.

## XII.
## REQUEST FOR RELIEF

Plaintiff Thryv, Inc. requests that Defendants Listing Central, LLC and Nicole Nixon be cited to appear and answer and that on final trial, Plaintiff has judgment against Defendant for:

1. Temporary injunction;
2. Permanent injunction;
3. Plaintiff's actual damages in a sum within the jurisdictional limits of this Court;
4. Pre-judgment and post-judgment interest thereon to the extent permitted by law;
5. Reasonable attorneys' fees and expenses as allowed by law;
6. Costs of suit;
7. Declaratory judgment finding that Plaintiff has no obligation to obtain and publish any information under the Agreement between Thryv and Listing Central nor Federal law; and
8. Such other and further relief, whether general or special, at law or in equity, to which Plaintiff may be justly entitled and which the Court deems appropriate.

Dated: October 8, 2020

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *__/s/ Dwight M. Francis__*

DWIGHT M. FRANCIS
Texas Bar No. 00785877
dfrancis@sheppardmullin.com
AIMEE C. OLESON
Texas Bar No. 24036391
aoleson@sheppardmullin.com
2200 Ross Avenue, 24th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401

ATTORNEYS FOR PLAINTIFF THRYV, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on the following attorneys of record via the court's electronic filing system on October 8, 2020 to the following counsel of record:

Robert P. Latham *Via ECF*
James Carlos McFall
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201

*Attorneys for Defendants Listing Central, LLC and Nicole Nixon*

*/s/ Dwight M. Francis*
Dwight M. Francis