UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THRYV, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-02756-X |
| | § | |
| LISTING CENTRAL, LLC; and | § | |
| NICOLE NIXON, | § | |
| | § | |
| *Defendants*. | § | |

# MEMORANDUM OPINION AND ORDER

Thryv sued Listing Central and Nicole Nixon for defamation and business disparagement, alleging that the defendants damaged its reputation by misrepresenting the terms and obligations of an information-listing agreement between Thryv and Listing Central. Thryv requested a temporary restraining order and preliminary injunction to prohibit further false and misleading statements from the defendants [Doc. No. 9 at 8]. The Court ordered expedited briefing. For the reasons outlined below, the Court **DENIES** the request for a temporary restraining order and preliminary injunction. However, if the Court subsequently denies the defendants' motion to dismiss, the Court will order the parties to meet and confer to discuss the possibility of expedited litigation.

## I. Factual Background

Thryv and Listing Central entered into a Listings Provisioning Licensing Agreement, under which Listing Central supplies Subscriber List Information to

1

Thryv "as requested."[1]  Eventually, Thryv stopped requesting information from Listing Central, maintaining that the agreement gives it no obligation to continually request information.  In various communications with Thryv's customers, Nicole Nixon—the CEO of Listing Central—stated that Thryv breached the agreement and misunderstood its obligations.  Thryv alleges that these representations are false and damage its reputation in the information-publishing market.

## II. Legal Standards

Preliminary injunctions are "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[2]  As with temporary restraining orders, preliminary injunctions require the movant to establish "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[3]  The movant carries the burden of persuasion on all four elements.[4]

## III. Application

### A. Likelihood of Success

Under Texas law, defamation's elements include "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff,

---

[1] Doc. No. 9 at 3.

[2] *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).

[3] *Google, Inc. v. Hood*, 822 F.3d 212, 220 (5th Cir. 2016).

[4] *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).

(3) with the requisite degree of fault, and (4) damages, in some cases."[5] Generally, the plaintiff must plead and prove its damages, except in instances of defamation per se, which involve "statements that are so obviously harmful that general damages may be presumed."[6] "Remarks that adversely reflect on a person's fitness to conduct his or her business or trade are also deemed defamatory per se," under which "the disparaging words must affect the plaintiff in some manner that is peculiarly harmful to the plaintiff's trade, business, or profession and not merely upon the plaintiff's general characteristics."[7]

Thryv argues that, even if it cannot prove the specific economic damages generally required in a defamation suit, it still sufficiently stated a claim for defamation per se because the defendants' remarks reflect on Thryv's fitness to conduct its business. This might be true. However, merely stating a claim is different than being likely to succeed on the merits of a claim, and Thryv does not further identify any particular reasons why it is likely to succeed later down the road.[8] Accordingly Thryv failed to establish a likelihood of success on the merits of its defamation claim.

---

[5] *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015).

[6] *Id.* at 596.

[7] *Id.*

[8] Contrary to Thryv's assertions, it is entirely unclear that the defamatory statements alleged here fit the category of defamation per se the Supreme Court of Texas described in *In re Lipsky*. *Lipsky* involved defendants who, via the media, publicly accused an oil and gas producer of negligently conducting operations and polluting their water table with natural gas. *Id.* The Court determined that statements reflecting the capability of the producer to conduct operations in a safe and environmentally sound way directly affected the perception of its fitness and abilities as a producer. *Id.* Thryv does not explain how non-public statements to customers alleging that Thryv misunderstood or breached an information publishing agreement are analogous to the circumstances of *Lipsky*.

Thryv also sues for business disparagement, which requires the plaintiff to establish that "(1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages," *i.e.* economic loss.[9]  Thryv argues that the allegedly disparaging statements damaged its reputation in the marketplace and that it "believes" it can prove special economic damages, but it does not explain how it is actually likely to do so.[10]  Therefore, Thryv also fails to establish likelihood of success on the merits of its business disparagement claim.

### B. Irreparable Injury

It is well-established in the Fifth Circuit that:

> [A]n injury is irreparable only if it cannot be undone through monetary remedies.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of an injunction, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.[11]

Thryv argues in conclusory fashion that it is likely to suffer irreparable injury because the defendants' allegedly defamatory statements injure its reputation, and there is no adequate remedy at law for that kind of ongoing reputational damage. This is not compelling, considering that general damages, which "include non-economic losses, such as loss of reputation and mental anguish," are awardable in

---

[9] *Id.* at 592.

[10] Doc. No. 14 at 8.

[11] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quotations omitted).

Texas defamation per se actions.[12] If Thryv does prevail on a defamation-per se theory, then it will have the opportunity to seek adequate compensatory relief. Because it is possible that this relief will be available at a later stage of this litigation, Thryv has not established a likelihood of irreparable injury.

### C. Balance of the Equity

In balancing the equities, the court evaluates the severity of the impact on the defendants if the preliminary injunction is granted and the hardship that Thryv would incur if the injunction is denied.[13] Thryv argues that a preliminary injunction would enjoin only false and defamatory speech from the defendants and therefore is not more burdensome than requiring Thryv to weather further reputational harm. But whether the defendants' statements are actually false and defamatory depends on adjudicating the substance of the agreement and the nature of the statements in question. Although it is true that false and misleading commercial speech enjoys no First Amendment protection, limiting a company's speech prior to an adjudication still amounts to a restraint on speech. Restraints on speech, constitutional or not, are inherently burdensome. Thryv did not establish that this burden is outweighed by any potential reputational harm, particularly because reputational harms are compensable under the defamation-per se theory it asserts in this case. Thryv failed to establish that the balance of equities tips in its favor.

### D. Public Interest

---

[12] *Lipsky*, 460 S.W.3d at 593.

[13] *Google*, 822 F.3d at 220.

The movant must also establish that granting a preliminary injunction will not disserve the public interest.[14] Thryv failed to address this element and therefore failed to meet its burden of persuasion.

### IV. Conclusion

Thryv failed to meet its burden to establish the elements for a temporary restraining order or preliminary injunction. Accordingly, the Court **DENIES** the request for a temporary restraining order and preliminary injunction. Based on the briefing, Thryv expresses an interest in an expedited adjudication on the merits. If the Court denies the motion to dismiss, the Court will order the parties to meet and confer to discuss the possibility of expediting the litigation.

**IT IS SO ORDERED**, this day of 5th, 2020

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] *Winter*, 555 U.S. at 24.