UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THRYV, INC., §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>LISTING CENTRAL, LLC; and §<br>NICOLE NIXON, §<br>§<br>*Defendants*. § | Civil Action No. 3:20-CV-02756-X |

## MEMORANDUM OPINION AND ORDER

Thryv, Inc. (Thryv) sued Listing Central and Nicole Nixon for defamation and business disparagement, alleging that they damaged its reputation by misrepresenting the terms and obligations of an information-listing agreement between Thryv and Listing Central. The Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim [Doc. No. 15]. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

### I. Factual Background

Thryv and Listing Central entered into a Listings Provisioning Licensing Agreement, under which Listing Central supplies Subscriber List Information to Thryv "as requested."[1] In return, Thryv pays a fee per use based on the number, type, and style of listings supplied.[2] Eventually, Thryv stopped requesting information from Listing Central, maintaining that the agreement gives it no

---

[1] Doc. No. 9 at 3.

[2] Doc. No. 9-1 at 2, 7.

1

obligation to continually request information. In various communications with Thryv's customers, Nicole Nixon—the CEO of Listing Central—allegedly stated that Thryv breached the agreement and misunderstood its obligations. Thryv alleges that these representations are false and damage its reputation in the information-publishing market. Thryv filed a complaint claiming business disparagement and defamation and seeking a declaratory judgment that it is not obligated to request listing information under the agreement.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[3] To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6] "[W]here the well-pleaded facts do not permit the court to infer more than the mere

---

[3] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[7]

## III. Analysis

### A. Matters Outside the Pleadings

As a preliminary matter, Thryv asks the Court to consider "abbreviated version[s]" of emails in its response to the motion to dismiss and seeks to "fully incorporate[ ] by reference its prior pleadings," including email evidence contained in its reply supporting a request for injunctive relief.[8] The defendants argue that the Court cannot "consider evidence and arguments outside of the live complaint."[9]

When reviewing a 12(b)(6) motion, the Court "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[10] "When matters outside the pleading are presented with a motion to dismiss under 12(b)(6), a district court has complete discretion to either accept or exclude the evidence."[11] In the Fifth Circuit, written and oral evidence supporting or opposing a motion is considered outside the pleadings, while briefs filed in connection with the motion are not.[12] Federal Rule of Civil Procedure 10(c) allows parties to incorporate statements

---

[7] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[8] Doc. No. 20 at 2.

[9] Doc. No. 21 at 2.

[10] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[11] *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007) (quotation marks omitted); *see also* FED. R. CIV. P. 12(b).

[12] *Gen. Retail Servs., Inc.*, 255 F. App'x at 785 (quotation marks omitted) ("Most federal courts . . . have viewed the words 'matters outside the pleadings' as including any written and oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides

from other documents into the pleadings by reference.[13]  However, a pleading that incorporates allegations from other documents must clarify which statements are being incorporated.[14]

First, Thryv includes the emails excerpts in its response brief, but written evidence in opposition to a motion, even inserted into a brief, remains written evidence.  Second, Thryv makes one reference to emails in the complaint, alleging that "Nixon, president and CEO of Listing Central, began a campaign of telephone calls and e-mails to Thryv executives."[15]  Yet, Thryv only provides two abbreviated emails in its response brief, neither of which is alleged to be from Nixon to a Thryv executive.[16]  Third, Thryv does not clarify in the pleadings which statements will be incorporated from the reply in support of its request for injunctive relief, but attempts to incorporate the entire document *ex post facto*.[17]

Thryv's cites a single authority, *Sivertson v. Citibank*,[18] to show that the Court can consider "adjudicative facts, including other court filings."[19]  This argument is

---

substantiation for and does not merely reiterate what is said in the pleadings.  Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion." (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2004))).

[13] FED. R. CIV. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[14] *See Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454, 457 (5th Cir. 2010) (quoting *Shelter Mut. Ins. Co., v. Public Water Supply Dist. No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984)).

[15] Doc. No. 9 at 4.

[16] Doc. No. 20 at 4–5.

[17] Doc. No. 9 at 4.

[18] 390 F. Supp. 3d 769 (E.D. Tex. 2019).

[19] Doc. No. 20 at 3 (citing *Sivertson*, 390 F. Supp. 3d at 780).

unpersuasive. In *Sivertson*, the Court found that an affidavit was not outside the pleadings because (1) the complaint "directly referenced" a Security Instrument that referred to the affidavit, (2) the affidavit was "central to the Plaintiff's claim," and (3) the affidavit was "a public record."[20] Again, Thryv does not reference specific emails or any document containing or referring to the emails in the complaint, and the emails are not public record.

Accordingly, the Court finds that the email excerpts in Thryv's response and the entirety of Thryv's reply in support of its request for injunctive relief are matters outside the pleadings and are excluded from consideration. Instead, the Court limits its consideration to only the complaint, documents attached to the complaint, and documents attached to the motion to dismiss.

### B. Business Disparagement

The elements of a business disparagement claim are (1) publication by the defendant of disparaging words, (2) falsity, (3) malice, (4) absence of privilege, and (5) "special damages."[21] Business disparagement is "part of the body of law concerned with the subject of interference with commercial or economic relations."[22] To prove special damages, Texas law requires plaintiffs to provide "evidence of direct, pecuniary loss attributable to the false communications of the defendants" to recover on a business disparagement claim.[23]

---

[20] 390 F. Supp. 3d at 780.

[21] *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987).

[22] *Id.*

[23] *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391 (5th Cir. 1996) (citing *Hurlbut*, 749 *at* 767); *see also I Love Omni, LLC v. Omnitrition Int'l, Inc.*, Civ. A. No. 3:16-CV-2410-G, 2017 WL 3086035, at

The Defendants argue that Thryv failed to state a claim with respect to falsity, publication, and special damages.[24]  After carefully reviewing the pleadings, the Court finds that Thryv pled sufficient facts for falsity and publication.

But special damages are a different matter.  For special damages, Thryv alleges that (1) its "reputation in the marketplace has been harmed;" (2) it has been subject to "ongoing harassment;" and (3) it has received "threats of litigation and other actions from Defendants and their customers."[25]  Thryv does not allege specific loss of a sales, customers, or profits.  And Thryv's general allegations of reputational harm, harassment, and litigation threats fall well short of the direct, pecuniary loss that Texas law requires to demonstrate special damages.[26]

Without any factual allegations supporting the existence of special damages, Thryv's complaint fails to plausibly state a claim for business disparagement. Accordingly, the Court **GRANTS** the motion to dismiss Thryv's business disparagement claim and **DISMISSES WITHOUT PREJUDICE** Thryv's claim for business disparagement.  The Court will allow Thryv an opportunity to replead this claim by filing an amended complaint within twenty-eight days of this order that is limited to addressing the defects addressed in this order.

### C. Defamation

---

*2 (N.D. Tex. July 20, 2017) (Fish, J.) (finding that the plaintiff did not sufficiently allege special damages because no specific facts were provided to show loss of sales, trade, or other dealings).

[24] Doc. No. 15 at 3.

[25] Doc. No. 9 at 4–5.

[26] *Hurlbut*, 749 S.W.2d at 767 (holding that the special damages "requirement goes to the cause of action itself and requires that plaintiff establish pecuniary loss that has been realized or liquidated as in the case of specific lost sales." (quotation marks omitted)).

Defamation requires that "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages."[27]  Unlike business disparagement, "the action for defamation is to protect the personal reputation of the injured party."[28]

The Defendants argue that Thryv fails to state a claim, again with respect to publication and falsity.[29]  After carefully reviewing the pleadings, the Court determines that Thryv's pleadings are sufficient to state a claim for defamation. Therefore, the Court **DENIES** the motion to dismiss Thryv's defamation claim.

### D. Declaratory Judgment

The Defendants argue that the Court should dismiss Thryv's request for declaratory judgement because the "substantive claims fail."[30]  That argument fails, however, because the Court finds that Thryv alleged sufficient facts to state a claim for defamation.  Accordingly, the Court **DENIES** the motion to dismiss Thryv's claim for declaratory judgment.

### IV. Conclusion

For the forgoing reasons the Court **GRANTS** the motion to dismiss Thryv's business disparagement claim, **DENIES** the motion to dismiss Thryv's defamation claim, and **DENIES** the motion to dismiss Thryv's request for declaratory judgement.

---

[27] *D Magazine Partners, LP. v. Rosenthal*, 529 S.W.3d 429, 439 (Tex. 2017).

[28] *Hurlbut*, 749 S.W.2d at 766.

[29] Doc. No. 15 at 5.

[30] Doc. No. 15 at 6.

The Court will allow Thryv twenty-eight days from the date of this order to file an amended complaint for the limited purpose of addressing the defects identified in this order.

**IT IS SO ORDERED** this the 28th day of June, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE